HUGH HEMINGWAY, Plaintiff, *v.* ELIZABETH MACKENZIE, Defendant.*

Supreme Court, New York County, June 18, 1930.

*Henry Krinsky*, for the plaintiff.

*Abraham Greenberg* [*Bernard H. Bernstein* of counsel], for the defendant.

HATTING, J. This is an action for rent for the months of June and July, 1927, on a written lease. Defendant joined issue by pleading, as an affirmative defense, accord and satisfaction. The plea of accord and satisfaction was based upon a check for $237 which was sent by a third party to the plaintiff for the account of the defendant and intended to be payment in full of all claims which the plaintiff had against the defendant. This check the plaintiff refused to accept. In the moving affidavits on the motion for summary judgment it was alleged that check for $237 was being held

*Affd., 230 App. Div. 819.

by the attorney for the plaintiff until further word from the third party, Miner, stating further a quotation from a letter, the quotation being: " The indorsement of your check for $237 certified and payable to Hugh Hemingway would release Mrs. Mackenzie from rent unpaid to date. This we did not and do not intend to do." The check was dated August 5, 1927, and sent to the plaintiff on or about that day. Under these circumstances, no facts being presented to sustain the defendant's plea in defense of accord and satisfaction, the motion for summary judgment was granted, and judgment was accordingly entered on February 14, 1928.

At the time of the commencement of the action the plaintiff was a non-resident of this State, residing in Cleveland, Ohio, and certain property of the defendant within this State was attached. After the entry of judgment the attached property was sold. Judgment as entered was in the sum of $628.56. The sale of the defendant's property by the sheriff realized a gross sum of $662.60, and after the payment of expenses and fees there was a net balance of $502.45 to be applied to the judgment, leaving the judgment unsatisfied to the extent of $126.11. Thereafter and on March 10, 1928, the plaintiff, who had apparently retained possession of the check throughout this period, used the check and applied $126.11 of the proceeds thereof to the satisfaction of the judgment. The use of the check by the plaintiff clearly constitutes an acceptance thereof and materially changes the status of the parties with respect to the sufficiency of the pleading. The acceptance and use of the check would sustain the plea of defense of accord and satisfaction, and the retention and subsequent use of the check establishes that this plaintiff throughout has exercised a proprietary interest in and right to the check.

The defendant brings this motion now to vacate the judgment entered upon the order granting summary judgment to the plaintiff. The principal objection of the plaintiff to the present motion seems to be a charge of laches against the defendant because of the lapse of upwards of two years since the check was used. It appears, however, that the defendant discovered the use of the check as recently as May 10, 1930, where reference to it was made in a motion for summary judgment in an action subsequently brought upon the same lease for rent for the months of August and September, 1927. This recent discovery relieves the defendant of the charge of laches.

Upon the merits the motion to vacate the judgment should be granted and leave should be granted to the defendant to reargue the motion for summary judgment upon the state of facts as they are now disclosed.

The motion to vacate the judgment is granted, with leave to the defendant to apply for reargument of the motion for summary judgment. Settle order on notice.